# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERB PITTS, Inmate #R-47524,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 06-117-MJR |
| | ) |
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff initially filed this action in the United States District Court for the Northern District of Illinois.  The vague complaint was interpreted as complaining about medical treatment at the Vandalia Correctional Center, so this action was transferred to this District.

> Rule 8(a)(2) [of the Federal Rules of Civil Procedure] requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  In addition, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct."  The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint "'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'" *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts).  A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).  *See also*

*Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that Plaintiff's complaint does not comply with these requirements. The complaint is completely devoid of any specific allegations involving any named individuals; further, it does not clarify where these events took place,[1] although it seems that the events may have occurred in October 2005. Therefore, proceeding with the instant complaint "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."

Plaintiff also filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, Plaintiff has not submitted a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint as required by § 1915(a)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **STRICKEN** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to refile his complaint in compliance with this Memorandum and Order within **THIRTY (30) DAYS** of entry of this Memorandum and Order. Should Plaintiff wish to refile his complaint within the allotted time, it is strongly recommended that he use the forms designed for use in this District for such actions.

**IT IS FURTHER ORDERED** that any new complaint shall present each claim in a separate count, and each count shall specify, *by name*, each individual defendant alleged to be liable under the count, and the actions alleged to have been taken by that defendant. Plaintiff shall also specify when and where these events occurred.

**IT IS FURTHER ORDERED** that any new complaint filed by Plaintiff that is not in strict compliance with this order shall be **STRICKEN**.

---

[1] After a careful reading of the brief complaint, this Court believes that Plaintiff is complaining about events that occurred in the Stateville Correctional Center, not at Vandalia.

**IT IS FURTHER ORDERED** that within **THIRTY (30) DAYS** of the date of the entry of this order, Plaintiff shall submit ***a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint***. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court. Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to fully comply with this order, this case may be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

The Clerk is **DIRECTED** to provide Plaintiff with three copies of the appropriate forms provided in this District for a prisoner's civil rights action.

**IT IS SO ORDERED.**

**DATED this 1st day of March, 2006.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**