## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERB PITTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 06-117-MJR |
| | ) |
| **STATEVILLE CORRECTIONAL CENTER and VANDALIA CORRECTIONAL CENTER,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, formerly an inmate in the Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the amended complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous as pleaded and thus is subject to summary dismissal.

In this action, Plaintiff complains about the persistent lack of medical treatment for his

asthma. In his statement of claim, he makes reference to several individuals at Vandalia. However, none of these individuals is named as a defendant in the caption or the jurisdictional portion of the complaint. Instead, he lists only two I.D.O.C. facilities as defendants. However, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

In his original complaint (Doc. 1), Plaintiff simply named "People of the State of Illinois" as the sole defendant. The Court struck that complaint for failing to state claims against any specific individual and gave him leave to file an amended complaint. He was specifically instructed that

> any new complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each individual defendant alleged to be liable under the count, and the actions alleged to have been taken by that defendant. Plaintiff shall also specify when and where these events occurred.

Because Plaintiff has failed, once again, to state a claim against any named defendant, this action is now **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 13th day of June, 2007.**

                                                 **s/ Michael J. Reagan**
                                                 **MICHAEL J. REAGAN**
                                                 **United States District Judge**